IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 2:06-2413-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DECREE OF FORECLOSURE |
| | ) | AND SALE |
| JULIE A. SAMS, | ) | |
| | ) | |
| Defendant(s). | ) | |

This is an action by the United States of America for the foreclosure of a Real Estate Mortgage, and other relief, pertaining to property located in Dorchester County, South Carolina, which Mortgage was executed by Julie A. Sams, to the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, an agency of the Plaintiff.

Upon reading the Affidavit of J. Douglas Barnett, Assistant United States Attorney, the Plaintiff's attorney of record, and after due consideration thereof and the record in the case, I hereby find and conclude as to Plaintiff's Complaint, as follows:

1.  This action was commenced by the filing of a Summons and Complaint on August 28, 2006 and service was duly made on the Defendant pursuant to law and as shown by the Affidavit of Service and/or other document on file herein.  The Defendant is now in default, as appears from the Affidavit of Plaintiff's attorney, filed herein.  I find that the allegations of the Complaint are true and correct; that the statements contained in the affidavit are true and correct and are supported by the exhibits of record in the case.  The Mortgagor-Defendant, Julie A. Sams, as of January 25, 2006 is indebted to Plaintiff in the amount of $64,881.66, which

amount includes principal, interest, $424.93 in taxes, as well as other advances; and, plaintiff

is entitled to daily interest accrual from the above stated date in the amount of $4.1244 for each

day, and any other advances thereafter paid for preservation of the mortgaged property, as

provided under the terms of the Mortgage.   This loan is subject to interest credit recapture as

evidenced by the Subsidy Repayment Agreement.   During the life of the loan, defendant

received a subsidy in the amount of $49,809.22, which amount is included in the above total

debt.    Findings herein as to the amount of judgment are based on and are in reliance upon

plaintiff's Affidavit of Default and Amount Due with attachments, particularly Exhibit C, all on

file herein.  The Lis Pendens was filed in the office of the Clerk of Court/R.M.C. for Dorchester

County, South Carolina, on October 3, 2006 in accordance with §§ 15-11-10 and 15-11-20, Code

of Laws of South Carolina (1976).   No petition for intervention has been filed.

2.  This Court has jurisdiction of the subject matter and of the parties to this case;

and the Plaintiff is entitled to have its Mortgage foreclosed, the property sold, and the proceeds

applied as set forth herein.   Said property is described as follows:

> All that lot, piece or parcel of land, with improvements thereon,
> situate, lying and being in the County of Dorchester, State of
> South Carolina, known and designated as Lot 242, Greenhurst
> Subdivision, Section V, as shown and designated on a plat entitled
> "Plat of a Portion of Greenhurst Subdivision, Section V, Near The
> South Carolina Coastal Center in Dorchester County, South
> Carolina," by J. E. Sirrine Company, Engineers, dated July 5, l978,
> and recorded in Plat Book 26, Page 9, in the Office of the Clerk of
> Court for Dorchester County; said lot having such size, shape,
> metes, bounds and dimensions as shown on said plat, reference
> thereto being made for a more complete and full description.
>
> SUBJECT to restrictive covenants recorded in Book l63, Page 357,
> in the Office of the Clerk of Court for Dorchester County, also, to
> any and all other easements or rights-of-way heretofore granted
> affecting the above described property recorded in the Office of
> the Clerk of Court for Dorchester County.

Being the identical property conveyed to Julie A. Sams by deed of
Marion Homes, Inc. dated October 7, l985 and recorded October
8, l985 in the Office of the Clerk of Court for Dorchester County,
South Carolina in Deed Book 547 at Page 341.

3.  As between the parties to this action, the Plaintiff's Mortgage constitutes a first

lien upon the real estate hereinabove described.

4.  Plaintiff not having affirmatively sought a deficiency judgment, the bidding

will not stay open for the customary thirty (30) days following the sale.

5.  In light of the preceding findings and conclusions, I further find and conclude

that Plaintiff is entitled to the relief sought in its Second Cause of Action.

NOW, THEREFORE, upon motion of the United States Attorney, it is

ORDERED, ADJUDGED AND DECREED

1.  The Defendant Julie A. Sams, as of January 25, 2006 is indebted to Plaintiff

in the amount of $64,88l.66, which amount includes principal, interest, $424.93 in taxes, as well

as other advances; and, plaintiff is entitled to daily interest accrued from the above stated date

in the amount of $4.1244 for each day, and any other charges accruing thereafter under the terms

of the Mortgage.  This loan is subject to interest credit recapture as evidenced by the Subsidy

Repayment Agreement.  During the life of the loan, defendant received a subsidy in the amount

of $49,809.22, which amount is included in the above total debt.

2.  Plaintiff shall have judgment of foreclosure of its mortgage against the

Defendant, and the Defendant, and all persons claiming by, through, or under Defendant, are

hereby forever barred from all right, title, interest and equity of redemption in and to the

mortgaged premises hereinabove described, or to any part thereof.

3.  The United States Marshal or a duly authorized Deputy, after having advertised

for sale the mortgaged premises once a week for four weeks prior to sale as required by 28 U.S.C. § 2002, shall sell the mortgaged premises described in the Complaint subject to ad valorem taxes at public auction before the door of the Dorchester County Courthouse at the usual hour of public sale on any convenient date set by the Marshal and stated in the published notice of sale.

4. In conducting the sale, the United States Marshal or a duly authorized Deputy shall require the highest bidder, other than the Plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith. (The balance of the bid shall be paid in cash, by certified check or cashier's check.) If the Plaintiff is the successful bidder at the sale, the amount due on its Mortgage may be used as the equivalent of cash. Should the person making the highest bid at the sale fail to comply with the terms of the bid by depositing the said five percent (5%) in cash, then the premises shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the selling officer may find convenient and advantageous. Should the last and highest bidder fail to comply with the terms of the bid within ten (10) days of the final acceptance of the bid, the entire deposit shall be forfeited, and the selling officer shall readvertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day.

5. Under 28 U.S.C. § 566, it is the duty of the United States Marshal to enforce the decree of the United States District Court and under § 564, the Marshal is authorized to exercise the same powers of the Sheriff in conducting the sale. It is in the interest of justice that the sale be conducted to yield the best price through free, fair, and competitive bidding. Any act that appears to prevent a free, fair, and open sale or to suppress the bidding or otherwise adversely affects the sale, will not be allowed. If such an act occurs, then the sale will be halted.

Further, the individual or individuals who perform any act which appears to contribute to the sale being halted or otherwise adversely affected, may be charged with contempt of court, to be sanctioned accordingly, including but not limited to paying for the costs and expenses of the scheduled sale.

6.    Upon full compliance with the terms of sale, the United States Marshal shall convey title in fee simple to the purchaser, or his nominee; the purchaser shall be let into possession of the premises upon production of the United States Marshal's deed; and all persons holding adversely to the purchaser shall be ejected from the premises by the United States Marshal or Sheriff of the county where the property is located.

7.    The proceeds of the sale shall be applied first to the costs and disbursements of this action and the expenses of the sale; second, to the payment and discharge of the amount herein found due the Plaintiff; and should any of the proceeds thereafter remain, the balance shall be held until further order of this Court.

8.    After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the Mortgagor, or other person in possession, shall immediately move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any Mortgagor, or person in possession, to vacate the premises the United States Marshal or Sheriff of the county where the property is located, is authorized and empowered to enter upon the premises, and evict them therefrom. The United States Marshal (or deputy) or Sheriff of the county where the property is located is also authorized to remove from the premises any furniture or other possessions of the Mortgagor, or

other person in possession, and any interference with the activities of the Marshal will be upon

pain of contempt of Court.

PATRICK MICHAEL DUFFY
United States District Judge

October 17, 2006
Charleston, South Carolina